UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 MAY -1  A 10: 42

| | |
|---|---|
| Matalena Pullings, | ) C/A No.  2:07-912-MBS-RSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Ruby Jackson; and | ) |
| DSS of Conway, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, Matalena Pullings ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee at the Williamsburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a "foster mother" and DSS of Conway as defendants.[2] Plaintiff claims he[3] was "falsely accused of touching a small child," and states "false arrest" and "scandlisim" as the issues attempting to be litigated. The complaint fails to specify what remedy Plaintiff seeks from the defendants and fails to make

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[3] Plaintiff is referred to using the masculine pronoun, because Plaintiff's gender is not clear from the pleadings filed.

factual allegations.  The complaint should be dismissed for failure
to state a claim upon which relief may be granted.

### Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district,
a careful review has been made of the *pro se* complaint pursuant to
the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;
and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110
Stat. 1321 (1996).  This review has been conducted in light of the
following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992);
*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*,
404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*,
64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d
70 (4th Cir. 1983).

The complaint in this case has been filed pursuant to 28
U.S.C. § 1915, which permits an indigent litigant to commence an
action in federal court without prepaying the administrative costs
of proceeding with the lawsuit.  To protect against possible abuses
of this privilege, the statute allows a district court to dismiss
the case upon a finding that the action "fails to state a claim on
which relief may be granted" or is "frivolous or malicious."  §
1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where
the complaint "lacks an arguable basis either in law or in fact."
*Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B),
a claim based on a meritless legal theory may be dismissed *sua*

2

*sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

<u>Discussion</u>

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely

3

provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). In other words, 42 U.S.C. § 1983 "authorizes a party who has been deprived of a federal right under the color of state law to seek relief" through a legal action. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint contains no factual allegations against the Defendants for violation of a constitutional right or federal law. The statement of claim section of the complaint states that Plaintiff, a minor[4], was placed in the county jail after "being falsely accused of touching a small child." A careful review of the complaint reveals no allegations against Defendants Jackson or DSS of Conway, thus failing to state a claim against the named defendants. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed where "failed to contain any factual

---

[4] If the plaintiff is a minor, he does not have the legal capacity to represent himself in a lawsuit, and therefore he must have a guardian ad litem appointed to represent him in a suit. Fed. R. Civ. P. 17.

4

allegations tending to support his bare assertion"); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation"). Although required to liberally construe a *pro se* complaint, this Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The complaint fails to state any allegations against the Defendants.

Even if Plaintiff alleged more than scant assertions of "being falsely accused," the complaint fails to name Defendants subject to suit in this case. The Defendant Department of Social Services (DSS) is a state agency with immunity from liability in a § 1983 suit. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); and *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids

5

suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). The Defendant DSS should be dismissed as a party defendant.

The complaint identifies Defendant Ruby Jackson as a private party, not a state official or employee. Plaintiff fails to allege a cause of action pursuant to § 1983 against Defendant Jackson because a foster caretaker is not a state actor for purposes of acting under "color of law" by the mere relationship of being involved in the foster care program. In *Milburn v. Anne Arundel County DSS*, 871 F.2d 474 (4th Cir. 1989), a former ward of foster parents brought a § 1983 suit against former foster parents, the county, its employees, and others for child abuse or failure to report child abuse. The Court in *Milburn* states

> for a private party to fall within the scope of § 1983 as
> a state actor, the State must have so far insinuated
> itself into a position of interdependence with the
> charged party that it must be recognized as a joint

6

> participant in the challenged activity which, on that
> account, cannot be considered to have been so 'purely
> private'.

*Id.* at 477.   The Complaint states no factual allegations to establish state action by Defendant Jackson, other than the mere relationship of foster parent.   No allegations establish that Defendant Jackson was responsible for the deprivation of Plaintiff's federal rights "under color of law".   Defendant Jackson should be dismissed as a party defendant.

Additionally, the complaint fails to request a remedy from the defendants.   For this Court to find Plaintiff's rights have been violated but order no remedy would, in effect, be rendering an advisory opinion.   Such action is barred by Article III of the Constitution.   *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Boston Chapter, NAACP v. Beecher*, 716 F.2d 931, 933 (1st Cir. 1983). *See also Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). The complaint fails to allege facts to support a § 1983 action against the Defendants and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### Plaintiff's Status as a Minor

The complaint indicates Plaintiff is a minor. Plaintiff is not represented by counsel or a guardian ad litem in this case, but has filed *pro se*, representing himself. This Court has "authority to

7

appoint a guardian ad litem or next friend, or to make any other order necessary to protect [Plaintiff's] interest in this litigation under Fed.R.Civ.P. 17(c)." *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986, 987 (5th Cir. 1984). The appointment of a guardian ad litem is not mandatory, but at the discretion of the Court. *Westcott v. United States Fidelity & Guaranty Co.*, 158 F.2d 20, 22 (4th Cir. 1946); *Genesco, Inc. V. Cone Mills Corp.*, 604 F.2d 281 (4th Cir. 1979); *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35 (5th Cir. 1958). Because Plaintiff is a minor, it would be inappropriate, however, to dismiss this case without first determining whether Plaintiff's interests are adequately protected. *Adelman on Behalf of Adelman v. Graves*, 747 F.2d at 987. If Plaintiff's interests are "otherwise adequately represented and protected, a guardian ad litem need not be appointed". *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d at 39, citing *Westcott v. United States Fidelity & Guaranty Co.*, 158 F.2d 20, 22 (4th Cir. 1946).

Because of the brevity of the complaint, the scarcity of factual allegations, and the lack of a request for relief, it is difficult to determine the issues Plaintiff attempts to raise in this case; thus it is difficult to ascertain what, if any, protection is needed.[5]

---

[5] The complaint establishes the fact that Plaintiff is detained in a County Detention Center with charges pending against him. State criminal proceedings have established rules that protect an accused's rights. Additionally, Plaintiff is entitled to appointment of counsel to represent him in defending the pending

Although no factual allegations support a claim of "false arrest" against the defendants, the complaint identifies "false arrest" as an issue. If Plaintiff is attempting to claim damages for false arrest, a recent United States Supreme Court decision, *Wallace v. Kato*, _ U.S. _, 127 S.Ct. 1091 (2007), held that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. Also relevant to this case, the Supreme Court allowed for "tolling for the two-plus years of his minority" based on the state statute. *Wallace v. Kato*, 127 S.Ct. at 1095.

Federal Rule of Civil Procedure 17(b) states that the "capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile." Plaintiff's apparent domicile is South Carolina, and South Carolina Code § 15-3-40(1) states that "if a person entitled to bring an action," such as

_____

criminal charges. This federal district court must abstain from interference in state pending criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)(Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances.") Plaintiff cannot be released from imprisonment through a civil rights action under § 1983, because habeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement and seeks release. *Preiser v. Rodriquez*, 411 US 475 (1973).

9

false arrest, "is at the time the cause of action accrued" a minor "within the age of eighteen years," then the "time of the disability is not a part of the time limited for the commencement of the action." Thus, the state statute allows for the limitations period to bring suit to be tolled until a minor reaches the age of majority. Plaintiff is a minor, and could bring suit for false arrest upon reaching his majority, so dismissal of this case at this time causes him no harm. Appointment of a guardian ad litem in this case is unnecessary as the Plaintiff's interests are not effected by dismissal of this case.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint *without prejudice*, without appointment of a guardian ad litem and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

April 30, 2007
Charleston, South Carolina

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).